THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI

STEVEN HOFFMANN and            )
SARA HOFFMANN                  )
                               )
            Plaintiffs,        )
                               )   Case No. 4:10-CV-00201-NKL
        v.                     )
                               )
EMPIRE MACHINERY & TOOLS LTD.  )
                               )
                               )
            Defendant.         )

## ORDER

Pending before the Court is a Motion to Remand to the Circuit Court of Jackson

County, Missouri, filed by Plaintiffs Steven Hoffmann and Sara Hoffmann [Doc. # 5].

For the following reasons, the Motion is granted.

## I.     Background

Steven Hoffmann and Sara Hoffmann ("the Hoffmanns") filed a Complaint against

Defendant Empire Machinery & Tools Ltd. ("Empire"), seeking damages for product defect,

failure to warn, negligence, and loss of consortium. The Hoffmanns claim a beading machine

Empire sold to Steven Hoffmann's employer caused "[s]evere traumatic degloving" of his

right hand, requiring three surgeries. Empire served a request for admission on the

Hoffmanns that damages claimed would not exceed $75,000. The Hoffmanns responded that

they could neither admit nor deny the requested information because they intended to

determine the amount of damages to ask the jury to award after evidence was presented at

trial. Empire then removed the case to federal court pursuant to 28 U.S.C. § 1332(a), claiming the amount in controversy exceeds $75,000 and the contest is between citizens of a state and a citizen of a foreign country. Empire is a Canadian corporation, and the Hoffmanns reside in Missouri. The Hoffmanns filed a Motion to Remand [Doc. # 5], contending Empire has failed to prove the amount in controversy exceeds $75,000.

## II.   Discussion

Generally, a party may remove an action if the action could originally have been filed in federal court. 28 U.S.C. § 1441(a). Federal diversity jurisdiction exists where the amount in controversy exceeds $75,000 and the matter is between citizens of a state and a citizen of a foreign country. 28 U.S.C. § 1332(a). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Furthermore, in reviewing a motion to remand, a district court is required to resolve all doubts about federal jurisdiction in favor of remand. *Wilkinson v. Shackelford*, 478 F.3d 957, 963 (8th Cir. 2007). The party seeking to invoke the jurisdiction of the federal court bears the burden of proving by a preponderance of the evidence that the amount in controversy exceeds $75,000. *Advance Am. Serv. of Ark., Inc. v. McGinnis*, 526 F.3d 1170, 1173 (8th Cir. 2008).

Empire argues that the Hoffmanns' refusal to admit that the relief sought will not exceed $75,000 constitutes an implied admission that they will seek damages in excess of that sum. Read in light of the Hoffmanns' serious allegations – including three surgeries, pain and suffering, lost wages, and the potential, according to Empire, of punitive damages – this supposed implied admission, Empire contends, satisfies its burden of proof.

Empire must do more to meet its burden than merely point to the Hoffmanns' uncertainty regarding the amount of damages they seek. A plaintiff's failure to admit that damages sought will not exceed $75,000 does not amount to an admission that such damages will be sought. *See Logan v. Value City Dep't Stores*, No. 4:08-CV-19 CAS, 2008 WL 1914168, at *4 (E.D. Mo. April 28, 2008) (holding that "to require a stipulation limiting damages from a plaintiff who originally filed her action in state court would improperly shift the removing defendant's burden of proof to the plaintiff"); *Stampley v. Fred's Dollar Store of Miss., Inc.*, No. 5:07-CV-153, 2008 WL 480002, at *3 (S.D. Miss. Feb. 16, 2008) (holding that "[a]n uncertainty or contingency concerning the amount of damages does not satisfy the defendant's burden of proving the amount in controversy"). To hold that the Hoffmanns' refusal to limit damages sought to $75,000 amounts to an admission that it will seek more than $75,000 would improperly relieve Empire of its burden of proof.

Empire has failed to present any other evidence that the Hoffmanns will seek damages in excess of $75,000. To satisfy the preponderance of the evidence standard, the party seeking removal must offer "some specific facts or evidence demonstrating that the jurisdictional amount has been met." *Hill v. Ford Motor Co.*, 324 F. Supp. 2d 1028, 1036

(E.D. Mo. 2004). Although this task can prove challenging in jurisdictions, like Missouri, that do not require a claimant to state the amount of damages sought, defendants in other cases have met their burden by offering evidence such as responses to discovery requests or damage recoveries in similar cases. *See, e.g., Marsh v. Yamaha Motor Corp., U.S.A.*, No. 2:05-CV-00097 GH, 2005 WL 2043822, at \*2 (E.D. Ark. Aug. 23, 2005). In *Rodgers v. Wolfe*, for example, the court held that the defendant met his burden of proof by presenting evidence that jury awards for similar claims routinely exceeded $75,000. No. 4:05-CV-01600 ERW, 2006 WL 335716, at \*3 (E.D. Mo. Feb. 14, 2006). Empire has presented no such evidence.

Although the record before the Court certainly does not foreclose the possibility that the relief sought may exceed $75,000, Empire has failed to produce sufficient evidence to satisfy its burden of proof that the jurisdictional amount has been met. To hold otherwise would be speculative.

## III.     Conclusion

Accordingly, it is hereby ORDERED that Plaintiffs' Motion to Remand to the Circuit Court of Jackson County, Missouri, [Doc. # 5] is GRANTED.


s/ Nanette K. Laughrey
NANETTE K. LAUGHREY
United States District Judge

Dated:  May 28, 2010
Jefferson City, Missouri

4